NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH MATTHEW JONES, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Defendant. | Case Number C 05-05448 JF<br><br>ORDER[1] DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>[re: docket no. 10] |

　　　　On December 5, 2005, this Court remanded Case Number C 05-01136 to the Monterey Superior Court. In that case, Plaintiff Joseph Matthew Jones ("Joseph Jones") sought removal to this Court of Monterey County criminal case number MS232951A, in which Joseph Jones has been charged with battery with injury on a peace officer, California Penal Code § 243, and resisting, obstructing, or delaying a peace officer, California Penal Code § 148(a)(1).

　　　　On December 30, 2005, Joseph Jones and his mother, Alberta Rose Jones ("Alberta Jones"), filed a "Notice of Second Removal" of Monterey Superior Court criminal case number MS232951A, "based on information not previously known or disclosed to the Court." However,

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-05448 JF
ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
(JFLC1)

1  the Court had not received any documents regarding the information that supports the new notice
2  of removal.  Joseph Jones also filed a motion for leave to proceed *in forma pauperis*, upon which
3  the Court could not rule without having been presented with the information that supports the
4  notice of removal. On February 8, 2006, the Court issued an order requesting that Plaintiffs
5  submit a written statement describing the new information.  On February 27, 2006, the Court
6  issued an order granting Joseph Jones's request for an additional 30 days within which to file an
7  explanation of the new information.
8        On March 20, 2006, Joseph Jones filed a response to the Court's order of February 27,
9  2006, in which he alleges:

> I declare that I cannot get a fair trial or hearing in my criminal state proceedings because of my mother, Alberta Rose Jones, and her being harassed for speaking out on national television against the United States Navy while in uniform.  I believe my mother's sworn declaration regarding being a target of counter intelligence as evidence in the "PROOF OF ORDER" in the case of Bari v. FBI.  I believe that my mother was acting under color of office in protecting me on January 11, 2005 as well as the fact that I was labeled as being in the military.

14  These allegations do not satisfy the requirements for removing a state criminal prosecution to
15  federal court.
16        A state criminal prosecution may be removed to federal court pursuant to 28 U.S.C. §
17  1442 if the prosecution is "against a member of the armed forces of the United States on account
18  of an act done under color of his office or status, or in respect to which he claims any right, title,
19  or authority under a law of the United States respecting the armed forces thereof."  While Joseph
20  Jones alleges that he was labeled as being in the military, there is no allegation or evidence that
21  he was on active duty or acting under color of office.  In fact, as Joseph Jones described the facts
22  that led to the criminal charges, he "was unarmed wearing only swim trucks [sic] while he was
23  talking with his mother, Alberta Rose Jones, at 390 Melrose Ave, Pacific Grove, California."
24  "Notice of Motion Respectfully Requesting that Exhibits be Judicially Noticed," Ex. 2, p. 8.
25  Accordingly, removal is not appropriate pursuant to 28 U.S.C. § 1442.
26        A state criminal prosecution also may be removed to federal court pursuant to 28 U.S.C.
27  § 1443:
28        (1) Against any person who is denied or cannot enforce in the courts of such State

a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

 (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Allegations that Alberta Jones has been harassed in response to her speaking out while in uniform, that she has been a target of counter intelligence, and that she was acting in color of office do not support a conclusion that Joseph Jones will be denied or unable to enforce a law providing for his equal rights in the state court prosecution. Accordingly, removal is not appropriate pursuant to 28 U.S.C. § 1443.

 Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed pleading that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Without expressing any opinion as to whether Joseph Jones can afford to pay the filing fee, the Court will DENY without prejudice his application to proceed *in forma pauperis* on the ground that the Court does not have jurisdiction over the instant action.

 IT IS SO ORDERED.

DATED: March 22, 2006

             _____
             JEREMY FOGEL
             United States District Judge

1 | This Order has been served upon the following persons:

2 | Joseph Matthew Jones
1144 Tangerine Way
3 | Sunnyvale, CA 94087

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4
Case No. C 05-05448 JF
ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
(JFLC1)